NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0291n.06

No. 18-5412

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 06, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JAMES M. BRUCE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| COMMISSIONER OF SOCIAL SECURITY, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE:   **BATCHELDER, COOK, and KETHLEDGE, Circuit Judges.**

   **ALICE M. BATCHELDER, Circuit Judge**.   James Bruce is a former military servicemember.  His roughly 20-year career in the U.S. Army included combat missions during which he sustained both mental and physical impairments that plague him to this day.  In October 2014, Bruce filed a claim for disability benefits with the Social Security Administration ("SSA") due to a variety of mental and physical impairments.  SSA denied his claim both initially and on reconsideration.  In November 2015, the Veteran's Administration ("VA") determined that Bruce was 100% disabled for the purposes of veteran's benefits.

   In September 2016, Bruce, represented by counsel, received an administrative hearing before a SSA Administrative Law Judge ("ALJ") to consider his disability benefits claim.  The ALJ heard testimony, considered evidence, made findings of fact, and applied the required five-step analysis pursuant to Social Security Act regulations.  20 C.F.R. § 416.920.  The ALJ found as fact that Bruce suffers from facet arthritis of the spine and post-traumatic stress disorder ("PTSD").

Applying the law to those facts, the ALJ determined that Bruce satisfied three of the five-step criteria to be eligible for disability benefits: he was not performing substantial gainful work, his impairments were "severe," and his impairments prevented him from performing his past relevant work. However, at the fifth stage of the inquiry, the ALJ found that (a) Bruce retained enough residual functioning capacity despite his impairments to still work in the national economy, and that (b) there were significant enough numbers of jobs that could accommodate Bruce's impairments in the national economy. On that basis, the ALJ denied Bruce's application for disability benefits.

Bruce challenged the ALJ's final decision denying his application for disability benefits in the United States District Court for the Eastern District of Kentucky. He asserted six claims of error on the part of the ALJ before the district court: (1) the ALJ failed to identify obesity as a severe impairment at Step Two; (2) the ALJ failed to account adequately for Bruce's mental limitations; (3) the ALJ failed to evaluate properly the medical opinions in the record; (4) the ALJ improperly discounted the VA rating of disability; (5) the ALJ erred in evaluating Bruce's credibility and symptom severity; and (6) the ALJ's hypothetical question to the testifying vocational expert was not accurate or complete. Both parties moved for summary judgment.

The district court properly reviewed the claims under the substantial-evidence standard, which requires the district court to defer to the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The district court found all the challenged findings and decisions to be, at a minimum, supported by substantial evidence, and found one of Bruce's claims to be "without merit."

Bruce appeals the district court's decision with respect to the second, third, fourth, and sixth claims of error. We review de novo the district court's review of the ALJ decision, but that review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

Having carefully considered the record on appeal, the briefs of the parties, and the applicable law, we conclude that the district court's opinion and order, granting the Commissioner's motion for summary judgment and denying Bruce's motion for summary judgment, thoroughly and accurately set out both the undisputed facts and the governing law. Because the issuance of a full opinion would serve no jurisprudential purpose and would be duplicative, we **AFFIRM** on the basis of the district court's well-reasoned opinion.